Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
04/13/2018 08:38 AM CDT

State of Nebraska ex rel. Counsel for Discipline
of the Nebraska Supreme Court, relator,
v. Alison H. Motta, respondent.

___ N.W.2d ___

Filed January 19, 2018.    No. S-17-602.

Original action. Judgment of public reprimand.

Heavican, C.J., Miller-Lerman, Cassel, Stacy, Kelch, and
Funke, JJ.

Per Curiam.

## INTRODUCTION

This case is before the court on the conditional admission
filed by Alison H. Motta, respondent, on November 16, 2017.
The court accepts respondent's conditional admission to the
charge contained in the amended formal charges and enters an
order of public reprimand.

## FACTS

On July 19, 2013, respondent was admitted to the practice
of law in the State of Nebraska pro hac vice by order of the
county court for Douglas County, Nebraska. Her admission
was for appearing in the case of "State v. Anthony Garcia"
(Garcia case), docketed in Douglas County Court as case No.
CR13-17383 and in the district court for Douglas County as
case No. CR13-2322. Anthony Garcia had been charged with
committing four homicides. Respondent is also admitted to
the practice of law in the State of Illinois. With respect to the
Garcia case, at all relevant times, she was engaged in the prac-
tice of law in Omaha, Nebraska.

With respect to discipline, pursuant to Neb. Ct. R. § 3-302, respondent is under the jurisdiction of the "District Two Committee on Inquiry." The matters alleged in the amended formal charges were reviewed by said committee pursuant to Neb. Ct. R. § 3-309(H) (rev. 2011). The committee determined that there were reasonable grounds for discipline of respondent and that a public interest would be served by the filing of formal charges.

On November 16, 2017, the Counsel for Discipline of the Nebraska Supreme Court filed amended formal charges against respondent. The amended formal charges consist of one count against respondent arising from her extrajudicial statements to the media regarding the Garcia case.

The amended formal charges state that during the Garcia case, on June 26, 2015, the trial court issued a protective order under seal regarding an unrelated 2007 homicide known as the Blanchard homicide. The protective order stated, "'[N]o information or knowledge obtained [by the State or Garcia] from the review [of the Blanchard homicide evidence] may be used, disclosed, or referenced during preparation for trial, during trial, or for any other matter in this [Garcia] prosecution.'"

Shortly before trial of the Garcia case was scheduled to commence on April 4, 2016, a suspect was arrested in the Blanchard homicide. After the arrest of the suspect in the Blanchard homicide and prior to the Garcia trial, respondent made numerous statements to news media related to the suspect in the Blanchard homicide indicating that it was the belief of Garcia's defense team that such suspect was involved in two of the homicides for which Garcia stood charged. Omaha television news station WOWT quoted respondent as saying, "'By cross-comparing the DNA evidence that they discovered at the . . . Blanchard scene, DNA [of the suspect in the Blanchard homicide] was at both scenes. I don't see how they're going to explain the cross-over in the DNA and the existence of both people at both crime scenes.'" Omaha television news

station KMTV quoted respondent as saying, "'This evidence conclusively exonerates . . . Garcia and shows that it cannot be a coincidence the two manners of killing being signature like and the crossover between the two scenes of the same two suspects.'" Respondent also made statements to the Omaha World-Herald newspaper that the defense team hoped that "'we'll get a call from the County Attorney's office that they're dismissing those charges.'"

Following respondent's statements to the media, on March 30, 2016, the State moved for sanctions against her. On March 31, respondent and her out-of-state cocounsel jointly renewed their motion for admission pro hac vice due to the withdrawal of prior local Nebraska counsel. Following an April 4 hearing, the trial court issued an order nunc pro tunc finding that respondent violated the protective order regarding the Blanchard homicide with her public dissemination of the DNA results in the Blanchard homicide. The trial court further found that respondent's statements to news media violated Neb. Ct. R. of Prof. Cond. § 3-503.6. The trial court disqualified respondent from continued admission to practice and participate in the Garcia case pro hac vice.

The amended formal charges allege that by her actions, respondent violated her oath of office as an attorney licensed to practice law pro hac vice in the State of Nebraska, as provided by Neb. Rev. Stat. § 7-104 (Reissue 2012), as well as § 3-503.6 (trial publicity) and Neb. Ct. R. of Prof. Cond. § 3-508.4(a) and (d) (misconduct).

On November 16, 2017, respondent filed a conditional admission pursuant to Neb. Ct. R. § 3-313(B) of the disciplinary rules, in which she conditionally admitted that she violated the oath of office of her pro hac vice admission as an attorney and professional conduct rules §§ 3-503.6 and 3-508.4(a) and (d). In the conditional admission, respondent states she did not knowingly or intentionally violate these rules of professional conduct, but acknowledges and admits that her conduct violated the identified rules of professional conduct.

Respondent knowingly does not challenge or contest the truth of the matters conditionally admitted and waived all proceedings against her in exchange for a public reprimand.

The proposed conditional admission included a declaration by the Counsel for Discipline stating that respondent's proposed discipline is appropriate and consistent with sanctions imposed in other disciplinary cases with similar acts of misconduct and will protect the public.

ANALYSIS

Section 3-313, which is a component of our rules governing procedures regarding attorney discipline, provides in pertinent part:

> (B) At any time after the Clerk has entered a Formal Charge against a Respondent on the docket of the Court, the Respondent may file with the Clerk a conditional admission of the Formal Charge in exchange for a stated form of consent judgment of discipline as to all or part of the Formal Charge pending against him or her as determined to be appropriate by the Counsel for Discipline or any member appointed to prosecute on behalf of the Counsel for Discipline; such conditional admission is subject to approval by the Court. The conditional admission shall include a written statement that the Respondent knowingly admits or knowingly does not challenge or contest the truth of the matter or matters conditionally admitted and waives all proceedings against him or her in connection therewith. If a tendered conditional admission is not finally approved as above provided, it may not be used as evidence against the Respondent in any way.

Pursuant to § 3-313, and given the conditional admission, we find that respondent knowingly does not challenge or contest the matters conditionally admitted. We further determine that by her conduct, respondent violated conduct rules §§ 3-503.6 and 3-508.4(a) and (d) and the oath of office of

her pro hac vice admission as an attorney in the State of Nebraska. Respondent has waived all additional proceedings against her in connection herewith. Upon due consideration, the court approves the conditional admission and enters the orders as indicated below.

## CONCLUSION

Respondent is publicly reprimanded. If respondent applies to appear pro hac vice in a case pending in the state courts of the State of Nebraska, she must disclose this discipline in any such application. Respondent is directed to pay costs and expenses in accordance with Neb. Ct. R. §§ 3-310(P) (rev. 2014) and 3-323 of the disciplinary rules within 60 days after an order imposing costs and expenses, if any, is entered by the court.

Judgment of public reprimand.

Wright, J., not participating.